IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**MELVIN L. THOMAS III and**      **PLAINTIFFS**
**BILLY D. LAWSON, Jr., on**
**Behalf of themselves and all**
**others similarly situated**

**vs.**      **Case No. 1:12-cv-1016**

**BANCORPSOUTH BANK**
**and BANCORP SOUTH, INC.**      **DEFENDANTS**

## MOTION FOR IMMEDIATE TEMPORARY PROTECTIVE ORDER
## AND SCHEDULING OF PERMANENT PROTECTIVE ORDER HEARING

Comes now the Plaintiffs, the Settlement Class, and Class Counsel, and move for the following:

(A) An immediate Temporary Protective Order to prevent the Court-Appointed Notice and Claims Administrator from producing the private personal and financial information of the Settlement Class to attorneys outside this action; and,

(B) The scheduling of a hearing to determine whether the Court's Temporary Protective Order should become permanent.

In support of their Motion and integrated Brief in Support, Plaintiffs, the Settlement Class, and Class Counsel state the following:

1. On March 26, 2012, this Court preliminarily approved the Settlement of this class action lawsuit, and ordered, among other things, the certification of the Settlement Class (as defined in the Court's order). *See* Doc. 22.

2. In preliminarily approving the Settlement, this Court also appointed Hilsoft Notifications ("Hilsoft") as Notice Administrator to carry out the Court's approval of the Notice

Plan, and Epiq Systems, Inc. ("Epiq") as Claims Administrator to carry out the other provisions of the Settlement. *Id.*

3. Hilsoft is a division of Epiq.

4. At the time of preliminary approval of the Settlement, the Court will recall that another action against Defendants involving overdraft fees was also being pursued in a multidistrict litigation assigned to Judge James Lawrence King of the Southern District of Florida. That action is styled *Swift v. BancorpSouth, Inc.*, United States District Court, Case No. 1:09-MD-02036 JLK (hereafter, the "*Swift* Action.").

5. Also, when this Court preliminarily approved the Settlement and certified the Settlement Class, the *Swift* Action **had not** been certified as a class action. *See*, Pg. 3 of Doc. 22.

6. On March 28, 2012, counsel in the *Swift* Action identified this case as a potential tag-a-long action with the Judicial Panel on Multidistrict Litigation ("JPMDL").

7. On April 19, 2012, the JPMDL entered a Conditional Transfer Order ("CTO"), conditionally transferring this action to the Southern District of Florida. (MDL Case No. 2036, Doc. 671).

8. Plaintiffs and BancorpSouth have opposed the conditional transfer of this action, and Plaintiffs expect the matter to be resolved by the JPMDL prior to the scheduled Final Fairness Hearing of July 30, 2012.

9. On April 30, 2012, Judge King denied BancorpSouth's motion to stay the *Swift* Action, and instead partially granted Swift's motion to enjoin; and ordered BancorpSouth, and all persons acting in concert with it, from doing anything to effectuate the Settlement here.

10. Judge King also ordered that his April 30th Order be filed in this case. *See* Doc. 38.

11. Judge King's April 30th Order is the subject of an emergency appeal filed by BancorpSouth with the Eleventh Circuit Court of Appeals.

12. On May 4, 2012, in the *Swift* Action, Judge King also caused to be entered an Order Granting Plaintiff's Motion for Class Certification. This Order states:

> *This Court certifies the following class:*
> *All BancorpSouth customers in the United States who had one or more consumer accounts and who, from the applicable statutes of limitation through August 13, 2010 (the "Class Period"), incurred an overdraft fee as a result of BancorpSouth's practice of sequencing debit card transactions from highest to lowest.*
>
> \* \* \*
>
> *The Court certifies the following subclasses:*
>
> *One good faith and fair dealing subclass (encompassing Alabama, Arkansas, Florida, Mississippi, and Tennessee); one unjust enrichment subclass (encompassing Arkansas and Mississippi); two unconscionability subclasses (one encompassing Alamba, Arkansas, Florida, Louisiana, Tennessee, and Texas, and the other encompassing Mississippi and Missouri); and one subclasses for Plaintiff's Arkansas Deceptive Trade Practices Claim.*

(Case 1:09-md-02036-JLK (doc. 2673).

12. Counsel for Mr. Swift have demonstrated their opposition to this action and this Settlement in papers submitted with Judge King and the JPMDL.

13. To such an end, counsel in the *Swift* Action have caused to be served on this Court's appointed Notice and Claims Administrator, or Epiq, a subpoena, dated May 29, 2012, with a compliance date of June 12, 2012. Attached here as Exhibit No. 1.

14. This subpoena seeks "a list in electronic form of the names, addresses, account numbers, control numbers, . . . email addresses, last known addresses," of the members of the "class action settlement in *Thomas et al v. BancorpSouth Bank et al.*, W.D. Ark. Case No. 1:2012-cv-01016." *Id.*

15. The Undersigned Counsel has a duty to protect the financial and private information of the certified Settlement Class. Moreover, the subpoenaed information is specifically directed at this Court's certified and preliminarily approved Settlement Class.

16. Counsel in the *Swift* Action, obviously, could discover the identities of the members of the classes Judge King has ordered, which would be a proper course of action. But instead, *Swift* counsel has apparently subpoenaed information from this Court's appointed Notice and Claims Administrator to secure the Settlement Class's private personal and financial information, and to possibly solicit members of the Settlement Class to either exclude themselves or object to the Settlement here – an improper purpose.

17. If Counsel in the *Swift* Action seeks this information for purposes of the *Swift* Action, they should seek it through BancorpSouth and in its action before Judge King. Certainly, Judge King should preside over the discovery of identifying information of members of classes he certified in his case.

18. Counsel for Plaintiffs have conferred with counsel for the Epic and Hilsoft who stated that they intended to produce the requested information, absent a Court order.

19. This Court has power to issue a protective order and enjoin Hilsoft and Epiq, which were appointed by this Court as administrators and operate at the pleasure of the Court, from producing the subpoenaed documents pursuant to Federal Rule of Civil Procedure 26(c)(A) and forbid the requested discovery. Additionally, this Court has powers necessary to manage this class action, and its orders preliminarily approving the Settlement and certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(d) and (e).

WHEREFORE, Plaintiffs respectfully request that this issue an immediate Temporary Protective Order preventing the Court-appointed Notice and Claims Administrator from

producing the information subpoenaed in the *Swift* Action, and to at least maintain the current status quo, and to schedule a hearing at the Court's convenience to determine whether or not such Temporary Protective Order should become permanent, and for all other proper and just relief.

DATED: June 4, 2012                                       Respectfully Submitted,

**EMERSON POYNTER LLP**

/s/ Scott E. Poynter_____
Scott E. Poynter (AR #90077)
Christopher D. Jennings (AR #2006306)
William T. Crowder (AR #2003138)
Corey D. McGaha (AR#2003047)

500 President Clinton Ave**, S**uite 305
Little Rock, AR 72201
Phone: (501) 907-2555
Fax: (501) 907-2556

John G. Emerson (AR #2008012)
**EMERSON POYNTER LLP**
830 Apollo Lane
Houston, TX 77058
Phone: (281) 488-8854
Fax: (281) 488-8867

**Class Counsel**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of June, 2012, a true and correct copy was served via the Court's ECF system upon the following counsel:

| | |
|---|---|
| Floyd M. Thomas, Jr.<br>THOMAS & HICKEY, L.L.P.<br>423 North Washington Avenue<br>El Dorado, AR 71730 | Eric Jon Taylor<br>William J. Holley, II<br>PARKER, HUDSON, RAINER & DOBBS LLP<br>1500 Marquis Two Tower<br>285 Peachtree Center Avenue N.E.<br>Atlanta, GA 30303 |
| Walter B. Cox<br>COX, COX & ESTES PLLC<br>75 North East Avenue, Suite 400<br>P.O. Drawer 878<br>Fayetteville, AR 72701 | Gary R. Burbank<br>BURBANK, DODSON & BARKER PLLC<br>215 North Washington Avenue<br>El Dorado, AR 71730<br><br>Counsel for Defendants BancorpSouth Bank and BancorpSouth, Inc. |

        /s/ Scott E. Poynter_____